UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REV. RUPERTA LABIOSA-CUETO ) | 05 - 11461 GAO |
| ) | RECEIPT # _____ |
| Plaintiff, ) | AMOUNT $ N/A |
| ) | SUMMONS ISSUED N/A |
| V. ) | LOCAL RULE 4.1 — |
| ) Civil Action No. | WAIVER FORM — |
| VETERANS ADMINISTRATION OF ) | MCF ISSUED — |
| NEW ENGLAND HEALTHCARE ) | BY DPTY. CLK. M.P. |
| SYSTEMS, BOSTON CAMPUS THE ) | DATE 7/11/05 |
| HUNTINGTON HOUSE, ) Formerly: Suffolk County | |
| ) | West Roxbury |
| Defendants. ) | District Court |
| ) | Civil Action No. |
| ) | 0506CV246 |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

MAGISTRATE JUDGE LTS

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, the defendants in the above-captioned matter, by their attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby give notice of removal of this lawsuit to the United States District Court for the District of Massachusetts. As grounds for removal, defendants state as follows:

1. The Rev. Ruperta Labiosa-Cueto, the plaintiff, filed this action in the West Roxbury District Court, Suffolk County, for the Commonwealth of Massachusetts on or about May 31, 2005.

2. The defendants named in the caption to the complaint, "Veterans Administration of New England Healthcare Systems, Boston Campus The Huntington House," are all divisions of the United States Department of Veterans Affairs (VA), a federal

government agency.

3. This action is removable to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. Section 1441 provides for the removal of any action brought in State Court of which the United States District Court has original jurisdiction, including but not limited to, actions founded on claims arising under any law of the United States. Plaintiff alleges claims under the Federal Tort Claims Act (FTCA) and for breach of contract. The United States District Courts have exclusive jurisdiction over review of FTCA claims. Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), the United States District Courts possess concurrent jurisdiction with the United States Federal Court of Claims to entertain claims based upon any express or implied contract with the United States not exceeding $10,000. The plaintiff alleges $5,000 in damages for the alleged breach of contract and $20,000 in damages for the remaining claims. See Statement of Damages attached to Compl.

4. The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b), as plaintiff has failed to make service of the summons and complaint in accordance with Fed. R. Civ. P. 4(i). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (removal period begins only upon service of summons and complaint). To date, service of the

complaint has not been made on the United States Attorney for the District of Massachusetts or the Attorney General of the United States.

5. Copies of all pleadings received by the Defendant United States are submitted herewith.

By their attorneys,

MICHAEL J. SULLIVAN
United States Attorney

*/s/ Christopher R. Donato*
Christopher R. Donato
Assistant U.S. Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel. No. (617) 748-3303

## CERTIFICATE OF SERVICE

I hereby certify that on this day service of the foregoing Notice of Removal to United States District Court for the District of Massachusetts has been made upon the plaintiff's attorney by depositing a copy in the United States mail, postage prepaid to:

Nicole Reeves, Esquire
Ornell Law Office
592 Main Street
Worcester, MA 01608

*/s/ Christopher R. Donato*
Christopher R. Donato
Assistant U.S. Attorney

Dated: July 11, 2005

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
WEST ROXBURY DISTRICT COURT

WORCESTER, SS.                                    CIVIL ACTION NO.

Rev. Ruperta Labiosa-Cueto,      )
        Plaintiff                )
                                 )
v.                               )
                                 )
Veterans Administration of New   )
England Healthcare Systems,      )
Boston Campus                    )
The Huntington House,            )
        Defendant                )

**COMPLAINT & REQUEST FOR TRIAL BY JURY**

PARTIES

1.  The Plaintiff, Rev. Ruperta Labiosa-Cueto, is a resident of 12 Ashland Street, Apt. 1R, Worcester, MA 01609.

2.  The defendant, the Veterans Administration of New England Healthcare Systems Boston Campus, owns the Huntington House with a usual place of business at 150 S. Huntington Road, Jamaica Plains, MA.

3.  On or about January 26, 2004 the Plaintiff accompanied her husband to the hospital at W. Roxbury, Boston. He was transferred from the Worcester VA Outpatient Clinic.

4.  The Plaintiff, being her husband's primary care giver, requested and was granted permission from her husband's primary physician to stay at the Huntington House in Jamaica Plain.

5.  The Defendant, through the Huntington House, operates as a hotel which provides free lodging for the family members of Veterans staying at the hospital.

6.  Both the Plaintiff and her husband are Veterans.

7.  At all times relevant, Dan Morris and Bob Hallet were authorized agents of the

MAY-27-2005 FRI 02:11 PM Exec. Office Boston    FAX NO. 8572035500    P. 04

Case 1:05-cv-01161-GAO    Document 1    Filed 07/11/2005    Page 5 of 9

MAY-27-2005 FRI 01:12 PM    P. 04

Huntington House, as social worker's for the Defendant's business.

### Breach of Contract

8. The Plaintiff realleges and reaffirms the allegations in paragraphs one and seven.

9. The parties entered into a written contract whereby the Plaintiff was permitted to stay in a room at Huntington House from January 30, 2004 through February 28, 2004.

10. The housing was provided pursuant to a note provided by the Plaintiff's husband's primary physician granting permission for her to qualify for the housing options offered by The Huntington House through the Veterans Administration.

11. This contract was signed by the Plaintiff in the presence of Dan Morris, a social worker at the Huntington House.

12. The Plaintiff was given a room key and the telephone number to her assigned room.

13. The contract was terminated by Dan Morris without her consent, willing participation or initial knowledge.

14. The Defendant breached the contract without authority.

15. The Defendant breached the contract without notifying the Plaintiff of same.

16. Upon repeated request by the Plaintiff, the Defendant refused to provide the Plaintiff with a copy of the executed contract.

17. The Plaintiff's belongings were removed from the premises without authority and partially destroyed.

### Negligent Emotional Distress

18. The Plaintiff realleges and reaffirms the allegations in paragraphs one and seventeen.

19. The Plaintiff incurred emotional distress as a result of the poor treatment at the hands of Dan Morris and Bob Hallet.

20. The Plaintiff suffered fright, anxiety and emotional disturbances resulting from the verbal threat of the Defendants agent.

21. The Defendant's conduct was extreme and outrageous by removing all her personal belongings without notice.

MAY-27-2005 FRI 02:01 PM Fax from Boston
Case 1:05-cv-11461-GAO  Document 1  Filed 07/11/2005  Page 6 of 9
FAX NO. 8572035500    P. 05

MAY-27-2005 FRI 01:12 PM                                                        P. 05

22. The Defendant's conduct was extreme and outrageous by using the presence of a police officer as an unnecessary show of force.

23. The Plaintiff sustained injuries resulting from this elevated level of fear including an aggravation of a previously existing heart condition.

24. The Plaintiff experienced heightened blood pressure, severe heart palpitations, shortness of breath, ringing ears, hot flashes and strong episodes of arrhythmia, in addition to feelings of depression.

25. The Plaintiff upon speaking with her doctor was ordered to visit the Urgent Care center where she underwent an EKG and an evaluation as a result of the Defendants conduct

### Intentional Emotional Distress

26. The Plaintiff realleges and reaffirms the allegations in paragraphs one and twenty-five.

27. The Plaintiff incurred emotional distress as a result of the poor treatment at the hands of Dan Morris and Bob Hallet, agents of the Defendants.

28. The Plaintiff suffered fright, anxiety and emotional disturbances resulting from the verbal threat.

29. The Defendant's conduct was intentional, extreme and outrageous by removing all her personal belongings without notice.

30. The Defendant's conduct was extreme and outrageous by using the presence of a police officer as an unnecessary show of force.

31. The Plaintiff sustained resulting injuries from this elevated level of fear including an aggravation of a previously existing heart condition.

32. The Plaintiff experienced heightened blood pressure, severe heart palpitations, shortness of breath, ringing ears, hot flashes and strong episodes of arrhythmia, in addition to feelings of depression.

33. The Plaintiff upon speaking with her doctor was ordered to visit the Urgent Care center where she underwent an EKG and an evaluation due to the Defendant actions.

### Negligence

34. The Plaintiff realleges and reaffirms the allegations in paragraphs one and thirty-three.

MAY-27-2005 FRI 02:01 PM ice Boston   FAX NO. 8572035500   P. 06
Case 1:05-cv-11461-GAO   Document 1   Filed 07/11/2005   Page 7 of 9

MAY-27-2005 FRI 01:13 PM                                              P. 06

35. The Defendant owed an obligation to the Plaintiff to keep her belonging safe while on their premises.

36. The Defendant failed to keep the Plaintiff's belongings safe and secure.

37. The Defendant actually destroyed several items of the Plaintiff's belongings, including but not limited to her Bible, which holds high sentimental value as well as professional value.

38. The social workers Dan Morris and Bob Hallet failed to meet the demands of their respective posts.

39. The social workers Dan Morris and Bob Hallet in fact acted in a way that was causally related to the Plaintiff's injuries.

40. Damages were suffered from the Plaintiff by the destruction of Plaintiff's property.

### Assault

41. The Plaintiff realleges and reaffirms the allegations in paragraphs one through forty.

42. On or about February 12, 2004, Rev. Labiosa Cueto, along with a second social worker Ms. Stacy Edwards, returned to her room to find all personal belongings removed from the room.

43. The Plaintiff sought Dan Morris, who told her that her belongings had been taken to Brockton and she was responsible for going to pick them up.

44. Upon the Plaintiff's refusal to go collect her things on the basis that it was Mr. Morris' responsibility, he brought her belongings to her in a shopping bag.

45. Dan Morris then verbally threatened the Plaintiff with the words, "Tomorrow don't you dare to go see your husband and take that key with you because what happened today will be repeated again."

46. The following day Mr. Morris and Mr. Hallet, the Social Worker Superintendent, returned flanked by a policeman as if they intended to remove her by force.

47. The Plaintiff was visibly shaken and feared for her safety.

48. The Plaintiff returned the key immediately in fear that she would be harmed if she did not leave, which she promptly did.

### Loss of Consortium

49. The Plaintiff realleges and reaffirms the allegations in paragraphs one and forty-eight.

50. The Plaintiff upon being forced from the Defendant's properly, residing in Worcester, was unable to be close to her Husband, who was in the West Roxbury Hospital.

51. The Plaintiff returned to the Worcester area, without transportation, which prevented her from frequent visits with her Husband.

### Demands

Wherefore, the Plaintiff request that the Honorable Court enter judgment on behalf of the plaintiff against the defendant as to all counts. The Plaintiff asks the court to award the due damages as well as attorney fees in its favor to which it is entitled.

Plaintiff demands a jury trial.

Respectfully Submitted,
Rev. Ruperta Labiosa-Cueto,
By Her Attorney,

Nicole Reeves, Esquire
Ornell Law Office, P.C.
592 Main Street
Worcester, MA 01608
508-797-9655
BBO # 650137

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| PLAINTIFF(S)<br>Rev. Ruperta Labiosa-Cueto | DEFENDANT(S)<br>Veterans Administration of New England<br>Healthcare System Boston Campus |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | West Roxbury _____ DISTRICT COURT |
|---|---|

**TORT CLAIMS**

A. Documented medical expenses to date:
   1. Total hospital expenses: .................................................. $ _____
   2. Total doctor expenses: .................................................. $ _____
   3. Total chiropractic expenses: ............................................ $ _____
   4. Total physical therapy expenses: ....................................... $ _____
   5. Total other expenses (Describe): _____ $ _____

                                                                    SUBTOTAL:  $ _____
B. Documented lost wages and compensation to date: ...................... C.     $ _____
   Documented property damages to date: ..................................... D.     $ _____
   Reasonably anticipated future medical and hospital expenses: ........ E.     $ _____
   Reasonably anticipated lost wages: ........................................ F.     $ _____
   Other documented items of damage (Describe):                                $ _____
                                                                                      $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
   The Plaintiff suffered emotional distress and injury causing medical injury. In addition, the
   Plaintiff was assaulted by the intentional and negligent acts of the Defendant and their
   agents. The Plaintiff also suffered a loss of consortium.

                                                                                    $ 20,000.00
For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL:

**CONTRACT CLAIMS**                                                                  **AMOUNT**

   The parties entered into a contract stay at a housing unit, but the Defendant breached the
   contract, terminating the housing unit of the Plaintiff without cause.           $5,000.00

For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL:  $25,000.00

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):               DEFENDANT'S NAME AND ADDRESS:

[Signature]                         4-14-05                 Veterans Administration of New England
Signature                           Date                    Healthcare Boston Campus

Nicole Reeves, Esquire              650137                  150 S. Huntington Avenue
Print or Type Name                  B.B.O.#                 Jamaica Plains, MA 02130
592 Main Street, Worcester, MA 01608
Address

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Rev. Ruperta Labiosa-Cueto

**DEFENDANTS**
Veterans Administration of New England Healthcare Systems, Boston Campus The Huntington House

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Nicole Reeves, Esquire, Ornell Law Office
592 Main Street
Worcester, MA  01608

Attorneys (If Known)
Christoper Donato, Asst. U.S. Attorney
Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

05 11461 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X " in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury– Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/11/05
SIGNATURE OF ATTORNEY OF RECORD
Christopher R. Donato

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.