| Civil DOCKET | DOCKET NUMBER 200506CV000246 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| CASE NAME | CURRENT COURT |
|---|---|
| RUPERTA LABIOSA-CUETO vs. VETERANS ADMINISTRATION OF NEW ENGLAND HEALTH CARE SYSTEMS | Boston Municipal Court, West Roxbury Di 445 Arborway Jamaica Plain, MA 02130-3688 (617) 971-1200 |

| ASSOCIATED DOCKET NO. | DATE FILED | DATE DISPOSED |
|---|---|---|
|  | 04/26/2005 | 00/00/0000 |

**PLAINTIFF(S)**

P01  RUPERTA LABIOSA-CUETO
     12 ASHLAND STREET APT 1
     WORCESTER, MA 01609

**PLAINTIFF'S ATTORNEY**

NICOLE REEVES
592 MAIN STREET
WORCESTER, MA 01608
(508) 797-9655

**DEFENDANT(S)/OTHER SINGLE PARTIES**

D01  VETERANS ADMINISTRATION OF NEW ENGLAND HEALTH CARE S
     150 S HUNTINGTON AVE ROAD
     JAMAICA PLAIN, MA 02130

**DEFENDANT'S ATTORNEY**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 04/29/2005 | Complaint filed on 04/26/2005 at Boston Municipal Court, West Roxbury Div.. |
| 2 | 04/29/2005 | Appearance for Ruperta Labiosa-cueto filed by Attorney NICOLE REEVES 592 Main Street Worcester MA 01608 BBO# 650137 |
| 3 | 04/29/2005 | Case Inactivated: No future events scheduled. |
| 2 | 6-8-05 | Summons Return w/ Service. |
| 3 | 7-12-05 | Notice of Removal to US District Court (mailed certified copies of the whole file including docket sheet) |

| Page 1 of 1 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | | DATE |
|---|---|---|---|---|

Date/Time Printed: 04/29/2005 09:04 AM

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
WEST ROXBURY DISTRICT COURT

WORCESTER, SS.                                              CIVIL ACTION NO.

```
                                          )
Rev. Ruperta Labiosa-Cueto,               )
       Plaintiff                          )
                                          )
v.                                        )
                                          )
Veterans Administration of New            )
England Healthcare Systems,               )
Boston Campus                             )
The Huntington House,                     )
       Defendant                          )
                                          )
```

**COMPLAINT & REQUEST FOR TRIAL BY JURY**

PARTIES

1. The Plaintiff, Rev. Ruperta Labiosa-Cueto, is a resident of 12 Ashland Street, Apt. 1R, Worcester, MA 01609.

2. The defendant, the Veterans Administration of New England Healthcare Systems Boston Campus, owns the Huntington House with a usual place of business at 150 S. Huntington Road, Jamaica Plains, MA.

3. On or about January 26, 2004 the Plaintiff accompanied her husband to the hospital at W. Roxbury, Boston. He was transferred from the Worcester VA Outpatient Clinic.

4. The Plaintiff, being her husband's primary care giver, requested and was granted permission from her husband's primary physician to stay at the Huntington House in Jamaica Plain.

5. The Defendant, through the Huntington House, operates as a hotel which provides free lodging for the family members of Veterans staying at the hospital.

6. Both the Plaintiff and her husband are Veterans.

7. At all times relevant, Dan Morris and Bob Hallet were authorized agents of the

Huntington House, as social worker's for the Defendant's business.

## Breach of Contract

8. The Plaintiff realleges and reaffirms the allegations in paragraphs one and seven.

9. The parties entered into a written contract whereby the Plaintiff was permitted to stay in a room at Huntington House from January 30, 2004 through February 28, 2004.

10. The housing was provided pursuant to a note provided by the Plaintiff's husband's primary physician granting permission for her to qualify for the housing options offered by The Huntington House through the Veterans Administration.

11. This contract was signed by the Plaintiff in the presence of Dan Morris, a social worker at the Huntington House.

12. The Plaintiff was given a room key and the telephone number to her assigned room.

13. The contract was terminated by Dan Morris without her consent, willing participation or initial knowledge.

14. The Defendant breached the contract without authority.

15. The Defendant breached the contract without notifying the Plaintiff of same.

16. Upon repeated request by the Plaintiff, the Defendant refused to provide the Plaintiff with a copy of the executed contract.

17. The Plaintiff's belongings were removed from the premises without authority and partially destroyed.

## Negligent Emotional Distress

18. The Plaintiff realleges and reaffirms the allegations in paragraphs one and seventeen.

19. The Plaintiff incurred emotional distress as a result of the poor treatment at the hands of Dan Morris and Bob Hallet.

20. The Plaintiff suffered fright, anxiety and emotional disturbances resulting from the verbal threat of the Defendants agent.

21. The Defendant's conduct was extreme and outrageous by removing all her personal belongings without notice.

22. The Defendant's conduct was extreme and outrageous by using the presence of a police officer as an unnecessary show of force.

23. The Plaintiff sustained injuries resulting from this elevated level of fear including an aggravation of a previously existing heart condition.

24. The Plaintiff experienced heightened blood pressure, severe heart palpitations, shortness of breath, ringing ears, hot flashes and strong episodes of arrhythmia, in addition to feelings of depression.

25. The Plaintiff upon speaking with her doctor was ordered to visit the Urgent Care center where she underwent an EKG and an evaluation as a result of the Defendants conduct

## Intentional Emotional Distress

26. The Plaintiff realleges and reaffirms the allegations in paragraphs one and twenty-five.

27. The Plaintiff incurred emotional distress as a result of the poor treatment at the hands of Dan Morris and Bob Hallet, agents of the Defendants.

28. The Plaintiff suffered fright, anxiety and emotional disturbances resulting from the verbal threat.

29. The Defendant's conduct was intentional, extreme and outrageous by removing all her personal belongings without notice.

30. The Defendant's conduct was extreme and outrageous by using the presence of a police officer as an unnecessary show of force.

31. The Plaintiff sustained resulting injuries from this elevated level of fear including an aggravation of a previously existing heart condition.

32. The Plaintiff experienced heightened blood pressure, severe heart palpitations, shortness of breath, ringing ears, hot flashes and strong episodes of arrhythmia, in addition to feelings of depression.

33. The Plaintiff upon speaking with her doctor was ordered to visit the Urgent Care center where she underwent an EKG and an evaluation due to the Defendant actions.

## Negligence

34. The Plaintiff realleges and reaffirms the allegations in paragraphs one and thirty-three.

35. The Defendant owed an obligation to the Plaintiff to keep her belonging safe while on their premises.

36. The Defendant failed to keep the Plaintiff's belongings safe and secure.

37. The Defendant actually destroyed several items of the Plaintiff's belongings, including but not limited to her Bible, which holds high sentimental value as well as professional value.

38. The social workers Dan Morris and Bob Hallet failed to meet the demands of their respective posts.

39. The social workers Dan Morris and Bob Hallet in fact acted in a way that was causally related to the Plaintiff's injuries.

40. Damages were suffered from the Plaintiff by the destruction of Plaintiff's property.

## Assault

41. The Plaintiff realleges and reaffirms the allegations in paragraphs one through forty.

42. On or about February 12, 2004, Rev. Labiosa Cueto, along with a second social worker Ms. Stacy Edwards, returned to her room to find all personal belongings removed from the room.

43. The Plaintiff sought Dan Morris, who told her that her belongings had been taken to Brockton and she was responsible for going to pick them up.

44. Upon the Plaintiff's refusal to go collect her things on the basis that it was Mr. Morris' responsibility, he brought her belongings to her in a shopping bag.

45. Dan Morris then verbally threatened the Plaintiff with the words, "Tomorrow don't you dare to go see your husband and take that key with you because what happened today will be repeated again."

46. The following day Mr. Morris and Mr. Hallet, the Social Worker Superintendent, returned flanked by a policeman as if they intended to remove her by force.

47. The Plaintiff was visibly shaken and feared for her safety.

48. The Plaintiff returned the key immediately in fear that she would be harmed if she did not leave, which she promptly did.

## Loss of Consortium

49.　The Plaintiff realleges and reaffirms the allegations in paragraphs one and forty-eight.

50.　The Plaintiff upon being forced from the Defendant's properly, residing in Worcester, was unable to be close to her Husband, who was in the West Roxbury Hospital.

51.　The Plaintiff returned to the Worcester area, without transportation, which prevented her from frequent visits with her Husband.

### Demands

Wherefore, the Plaintiff request that the Honorable Court enter judgment on behalf of the plaintiff against the defendant as to all counts. The Plaintiff asks the court to award the due damages as well as attorney fees in its favor to which it is entitled.

Plaintiff demands a jury trial.

Respectfully Submitted,
Rev. Ruperta Labiosa-Cueto,
By Her Attorney,

_____
Nicole Reeves, Esquire
Ornell Law Office, P.C.
592 Main Street
Worcester, MA 01608
508-797-9655
BBO # 650137

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | DATE FILED *(to be added by Clerk)* | DOCKET NO. *(to be added by Clerk)* | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|
| PLAINTIFF(S)<br>Rev. Ruperta Labiosa-Cueto | | DEFENDANT(S)<br>Veterans Administration of New England<br>Healthcare System Boston Campus | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | | West Roxbury _____ DISTRICT COURT | |

**TORT CLAIMS**

A.  Documented medical expenses to date:

    1. Total hospital expenses: .......................................... $ _____

    2. Total doctor expenses: ............................................ $ _____

    3. Total chiropractic expenses: .................................... $ _____

    4. Total physical therapy expenses: .............................. $ _____

    5. Total other expenses *(Describe)*: _____ $ _____

    SUBTOTAL: $ _____

B.  Documented lost wages and compensation to date: ....... C.   $ _____
Documented property damages to date: ........................ D.   $ _____
Reasonably anticipated future medical and hospital expenses: ... E.   $ _____
Reasonably anticipated lost wages: .............................. F.   $ _____
Other documented items of damage *(Describe)*:                      $ _____
                                                                    $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe)*:
The Plaintiff suffered emotional distress and injury causing medical injury. In addition, the Plaintiff was assaulted by the intentional and negligent acts of the Defendant and their agents. The Plaintiff also suffered a loss of consortium.

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:**   $ 20,000.00

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| The parties entered into a contract stay at a housing unit, but the Defendant breached the contract, terminating the housing unit of the Plaintiff without cause. | $5,000.00 |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $25,000.00 |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| Signature       4-14-05      Date | Veterans Administration of New England |
| Nicole Reeves, Esquire        650137<br>Print or Type Name                  B.B.O.# | Healthcare Boston Campus |
| 592 Main Street, Worcester, MA 01608<br>Address | 150 S. Huntington Avenue<br>Jamaica Plains, MA 02130 |

**Trial Court of the Commonwealth**
**District Courts of Massachusetts**
Boston Municipal Court Department
West Roxbury Division
445 Arborway
Jamaica Plain, Mass 02130
(617)971-1148

Plaintiff <u>Rev. Ruperta Labiosa-Cueto</u>    Civil Action No. <u>0506CV246</u>

v.

Defendant <u>Veteran's Administration of</u> **Summons** <u>New England Healthcare Systems</u>
<u>Boston Campus, The Huntington House</u> (Rule 4)
To defendant <u>VA Admin. of New</u>   of <u>150 S. Huntington Road, Jamaica</u>
<u>England Healthcare Systems</u>(name)    <u>Boston Campus</u>    (address)    <u>Plains, MA</u>

You are hereby summoned and required to serve upon <u>Nicole Reeves</u>, plaintiff('s attorney), whose address is <u>592 Main St., Worcester</u>, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgement by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS **KATHLEEN E. COFFEY**, Presiding Justice, on _____ (date)
(SEAL)

_____
Clerk

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RETURN OF SERVICE**

On _____, I served a copy of the within summons, together with a copy of the complaint in the action, upon the within-named defendant, in the following manner (see Rule 4(d)(1-5)):

_____
signature

_____
name and title

_____
address

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L.c.223, sec. 31)

This form prescribed by the Chief Justice of the District Courts